UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MULTISUMA INVESTMENT CORP. AND
CEN XIJIAO SIEM WU,

        Plaintiffs,

-v-

THE BOLIVARIAN REPUBLIC OF
VENEZUELA,

        Defendant.

---

No. 23-CV-09670-PKC

**STIPULATION AND [PROPOSED]
ORDER OF DISMISSAL
WITHOUT PREJUDICE**

WHEREAS Plaintiffs initiated this action (the "Action") by the filing of a Complaint on November 2, 2023 (ECF No. 1);

WHEREAS Plaintiffs contend that they are beneficial owners of bonds issued by the Defendant the Bolivarian Republic of Venezuela (the "Republic") in excess of $26.1 million that have been in default since no earlier than October 2017 and are identified on page 3 of the Complaint (ECF No. 1) (such bonds, the "Bonds," and such beneficial owners, "Bondholders") or are persons who otherwise have authority on behalf of Bondholders to initiate this Action to recover interest and/or principal payments due on the Bonds;

WHEREAS Plaintiffs are amenable to working constructively on the best path to help avoid litigation, with the ultimate goal remaining to ensure the future orderly and equitable process of debt restructuring and payment of bonds where appropriate;

WHEREAS in January 2023, the United States Department of State acknowledged the authority of the 2015 National Assembly of the Bolivarian Republic of Venezuela (the "National Assembly") to act on behalf of the Republic as "the last remaining democratic institution in

Venezuela" and regards the National Assembly as the recognized government of the Republic, including with respect to taking actions including before courts in the United States;

WHEREAS in May 2023, the United States Department of the Treasury's Office of Foreign Assets Control promulgated a general license (General License No. 42) "authorizing certain transactions related to the negotiation of certain settlement agreements" with the National Assembly;

WHEREAS the National Assembly determined that it was in the best interests of the Republic and its citizens to suspend the running of any applicable statutes of limitation with respect to the Bonds so as to avoid expensive and wasteful litigation by Bondholders concerned that their claims would be prescribed unless they timely filed suit;

WHEREAS on August 11, 2023, on behalf of the Republic, the National Assembly issued a resolution, signed and published in the Republic's Legislative Gazette (the "Tolling Resolution") (attached hereto as Exhibit A) extending the statute of limitations applicable to an action on the Bonds validly issued by the Republic until December 31, 2028 (the "Tolling Period"), in accordance with the provisions of New York General Obligations Law § 17-103(1);

WHEREAS the Tolling Resolution does not include any undertaking by any Bondholders to forebear from commencing litigation during the Tolling Period;

IT IS HEREBY STIPULATED by the Parties, through their undersigned counsel, as follows:

1. This Action shall be dismissed without prejudice.

2. Any claims, as to which the applicable statute of limitations has not run as of the date of the Tolling Resolution (August 11, 2023) with respect to the Bonds listed in the

Complaint, that are re-filed on or before December 31, 2028, ("Re-filed Claims," and any action asserting Re-filed Claims, a "Re-filed Action") shall be deemed timely filed.

3. The Republic promises not to plead the statute of limitation as to any Re-Filed Claim asserted in any Re-filed Action, provided such Re-Filed Claim is asserted on or before December 31, 2028 in a Re-Filed Action commenced in this Court or the New York County Supreme Court on or before December 31, 2028.

4. The Republic expressly reserves the right to assert all applicable rights, privileges, and defenses, in any Re-filed Action other than: (i) any defense that has previously been waived in Bonds or applicable Fiscal Agency Agreement or any amendment thereto that are the subject of this Action; and (ii) any defense concerning the timeliness of any Re-filed Claim, which is hereby waived.

5. Nothing herein shall constitute a waiver of any right, privilege, or defense this Action, subject to any applicable limitations set forth in the Bonds or Fiscal Agency Agreement or any amendment thereto, other than with respect to service of process of the Complaint on the Republic and the statute of limitations, which is hereby tolled as set forth in paragraphs 2 and 3.

6. Nothing herein shall constitute a concession, acknowledgement, or endorsement by the Republic of any fact, allegation, contention, or claim in Plaintiff's Complaint.

7. Nothing herein shall constitute a revision or amendment to any of the terms of the Bonds, Fiscal Agency Agreement, or any amendments thereto or is intended to alter, modify or waive any of the rights or obligations of the parties other than with respect to the tolling of the statute of limitations. Nothing herein shall shorten the statute of limitations with respect to any claim arising out of or relating to any of the Bonds.

8. In the event Plaintiffs file their Re-filed Claims more than fifteen months after the date of this Stipulation, the Republic promises and agrees pursuant to 28 U.S.C. § 1608(a)(1) to accept service by certified mail for Plaintiffs' Re-filed Claims through Vinson & Elkins LLP (attn.: Camilo Cardozo and Office of the General Counsel), located at 1114 Avenue of the Americas, New York, NY 10036. In the event Plaintiffs file their Re-filed Claims before the fifteen month period from the date of this Stipulation has elapsed, the Republic will not accept service through Vinson & Elkins LLP by any means. Nothing herein shall constitute a special arrangement of service with respect to claims relating to notes issued by the Republic and held by noteholders other than Plaintiffs. Nothing herein shall constitute a special arrangement of service with respect to claims relating to notes other than the Notes subject to the Re-filed Claims held by Plaintiffs.

9. Each Party in this Action shall bear its own costs. None of the Parties is an infant, incompetent person for whom a committee has been appointed, or conservatee. Pursuant to General License No. 42, the Republic is authorized to enter into this Stipulation.

10. This dismissal shall not be counted for purposes of Fed. R. Civ. P. 41(a)(1)(B) or N.Y. CPLR § 3217(c).

11. This Stipulation is only effective upon order of the Court.

12. The undersigned are authorized to enter into this Stipulation on behalf of their respective clients.

13. This Stipulation may be signed in counterparts, and facsimile and electronic signatures shall be deemed as original.

Dated: August 20, 2024
New York, New York

*Sari E. Kolatch*

Sari E. Kolatch
COHEN TAUBER SPIEVACK & WAGNER P.C
420 Lexington Avenue, Suite 2400
New York, NY 10170
Telephone: (212) 586-5800
skolatch@ctswlaw.com
*Counsel for Plaintiffs*

Camilo Cardozo
Dora Georgescu
VINSON & ELKINS LLP
The Grace Building
1114 Avenue of the Americas
32nd Floor
New York, New York 10036
Telephone: (212) 237-0000
ccardozo@velaw.com
dgeorgescu@velaw.com

Andreina Escobar
VINSON & ELKINS LLP
845 Texas Ave, Suite 4700
Houston, Texas 77002
Telephone: (713) 758-2556
aescobar@velaw.com

*Counsel for Defendant the Bolivarian Republic of Venezuela*

So Ordered: _____
Judge P. Kevin Castel
U.S.D.J.

Date: 8-28-24

5